# Exhibit 23

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

---

## SCHEDULE 14A INFORMATION

**Proxy Statement Pursuant to Section 14(a) of the
Securities Exchange Act of 1934
(Amendment No. )**

---

Filed by the Registrant ☒ Filed by a Party other than the Registrant ☐

Check the appropriate box:

☐    Preliminary Proxy Statement

☐    **Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**

☒    Definitive Proxy Statement

☐    Definitive Additional Materials

☐    Soliciting Material Pursuant to §240. 14a-12

# FULCRUM THERAPEUTICS, INC.
**(Name of Registrant as Specified in Its Charter)**

**(Name of Person(s) Filing Proxy Statement, if other than the Registrant)**

Payment of Filing Fee (Check all boxes that apply):

☒    No fee required.

☐    Fee paid previously with preliminary materials.

☐    Fee computed on table in exhibit required by Item 25(b) per Exchange Act Rules 14a-6(i)(1) and 0-11

Table of Contents

**PRINCIPAL STOCKHOLDERS**

Unless otherwise provided below, the following table sets forth information with respect to the beneficial ownership of our common stock as of March 31, 2023 by:

- each of our directors;

- each of our named executive officers;

- all of our directors and executive officers as a group; and

- each person, or group of affiliated persons, who is known to us to be the beneficial owner of 5% or more of the outstanding shares of our common stock.

The column entitled "Percentage of Shares Beneficially Owned" is based on a total of 61,758,994 shares of our common stock outstanding as of March 31, 2023.

Beneficial ownership is determined in accordance with the rules and regulations of the SEC and includes voting or investment power with respect to our common stock. Shares of our common stock subject to options that are currently exercisable or exercisable within 60 days after March 31, 2023 are considered outstanding and beneficially owned by the person holding the options for the purpose of calculating the percentage ownership of that person but not for the purpose of calculating the percentage ownership of any other person. The table is based upon information supplied by our officers, directors and 5% stockholders and/or a review of Schedules 13D and 13G documents filed with the SEC, if any, and other sources. Except as otherwise noted, the persons and entities in this table have sole voting and investing power with respect to all of the shares of our common stock beneficially owned by them, subject to community property laws, where applicable. Except as otherwise set forth below, the address of the beneficial owner is c/o Fulcrum Therapeutics, Inc., 26 Landsdowne Street, Cambridge, Massachusetts 02139.

| Name of Beneficial Owner | Number of Shares Beneficially Owned | Percentage of Shares Beneficially Owned (%) |
|---|---|---|
| **5% Stockholders** | | |
| RA Capital Management, L.P.[1] | 11,609,704 | 18.8 |
| RTW Investments, LP[2] | 5,593,279 | 9.1 |
| FMR LLC[3] | 5,233,725 | 8.5 |
| Suvretta Capital Management, LLC[4] | 4,659,418 | 7.5 |
| Entities affiliated with Third Rock Ventures[5] | 4,305,356 | 7.0 |
| Adage Capital Partners, LP[6] | 3,470,547 | 5.6 |
| Blackrock, Inc.[7] | 3,268,991 | 5.3 |
| **Named Executive Officers and Directors** | | |
| Robert J. Gould[8] | 914,342 | 1.5 |
| Esther Rajavelu[9] | 72,500 | * |
| Santiago Arroyo | 0 | * |
| Bryan Stuart[10] | 694,508 | 1.1 |
| Kate Haviland[11] | 57,141 | * |
| Sonja L. Banks[12] | 14,167 | * |
| James J. Collins[13] | 60,712 | * |
| Katina Dorton[14] | 33,571 | * |
| Alan Ezekowitz[15] | 75,212 | * |
| James Geraghty[16] | 131,426 | * |
| *All current executive officers and directors as a group* (10 persons)[17] | 1,556,204 | 2.5 |

* Less than 1%

48

Table of Contents

If a stockholder wishes to propose a nomination of persons for election to our board of directors or present a proposal at an annual meeting but does not wish to have the proposal considered for inclusion in our proxy statement and proxy card, our amended and restated bylaws establish an advance notice procedure for such nominations and proposals. Stockholders at an annual meeting may only consider proposals or nominations specified in the notice of meeting or brought before the meeting by or at the direction of the board of directors or by a stockholder of record on the record date for the meeting, who is entitled to vote at the meeting and who has delivered timely notice in proper form to our corporate secretary of the stockholder's intention to bring such business before the meeting.

The required notice must be in writing and received by our corporate secretary at our principal executive offices not less than 90 days nor more than 120 days prior to the first anniversary of the preceding year's annual meeting. However, in the event that the date of the annual meeting is advanced by more than 30 days, or delayed by more than 60 days, from the first anniversary of the preceding year's annual meeting, a stockholder's notice must be so received no earlier than the 120th day prior to such annual meeting and not later than the close of business on the later of (A) the 90th day prior to such annual meeting and (B) the tenth day following the day on which notice of the date of such annual meeting was mailed or public disclosure of the date of such annual meeting was made, whichever first occurs. For stockholder proposals to be brought before the 2024 annual meeting of stockholders, the required notice must be received by our corporate secretary at our principal executive offices no earlier than February 9, 2024 and no later than March 10, 2024.

In addition, in order to comply with the universal proxy rules , if you intend to solicit proxies in support of director nominees other than our nominees, you must provide notice that sets forth the information required by Rule 14a-19 under the Exchange Act no later than April 9, 2024. You are also advised to review our bylaws, which contain additional requirements about advance notice of stockholder proposals and director nominations.

The chair of the annual meeting may determine, if the facts warrant, that a matter has not been properly brought before the meeting and, therefore, may not be considered at the meeting. In addition, the proxy solicited by our board of directors for the 2024 annual meeting will confer discretionary voting authority with respect to any proposal (i) presented by a stockholder at that meeting for which we have not been provided with timely notice and (ii) made in accordance with our bylaws, if (x) the 2024 proxy statement briefly describes the matter and how management's proxy holders intend to vote on it, and (y) the stockholder does not comply with the requirements of Rule 14a-4(c)(2) promulgated under the Exchange Act.

## OTHER MATTERS

Our board of directors does not know of any other matters to be brought before the Annual Meeting. If any other matters not mentioned in this proxy statement are properly brought before the meeting, the individuals named in the proxy intend to use their discretionary voting authority under the proxy to vote the proxy in accordance with their best judgment on those matters.

By Order of the Board of Directors

Robert J. Gould
*Interim President and Chief Executive Officer*

53