**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GERALD CELANO, *Individually and on Behalf of All Others Similarly Situated,*

        Plaintiff,

    v.

No. 1:23-cv-11125-IT

FULCRUM THERAPEUTICS, INC.,
BRYAN STUART, ROBERT J. GOULD,
CHRISTOPHER MORABITO, and JUDITH
DUNN,

        Defendants.

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Fulcrum Therapeutics, Inc., Bryan Stuart, Robert J. Gould, Christopher Morabito, and Judith Dunn (collectively, "Defendants") respectfully submit this notice of supplemental authority in further support of their Motion to Dismiss the Amended Complaint. Doc. No. 35.

Defendants submit this notice of supplemental authority to bring to the Court's attention a recent District of Massachusetts court decision in *Pizzuto v. Homology Medicines, Inc. et. al.*, No. 23-cv-10858, 2024 WL 1436025 (D. Mass. Mar. 31, 2024) (Kelley, J.), attached as **Exhibit 1,** Doc. No. 41-1. In *Pizzuto*, the plaintiff brought comparable Section 10(b) and Rule 10b-5 claims against a biopharmaceutical company ("Homology") and certain of its officers after FDA placed a clinical hold on the trial of the company's lead product candidate. 2024 WL 1436025, at *1, *5-6.

-1-

Relevant here, the court granted the defendants' motion to dismiss all claims.  Among other things, the court found: (1) that statements disclosing only partial trial data were not misleading, and "Homology had no duty to disclose data in real time," *id.* at *8-9 ("Companies reporting on clinical trial data may lawfully disclaim and defend their use of partial data and 'cast [their] trial results in a positive light.'") (citation omitted); *see* Defendants' Memorandum, Doc. No. 37 at 30-31, 34-35;  Defendants' Reply Memorandum, Doc. No. 40 at 17-19; (2) that "interpretations of results of clinical studies are opinions" and are "non-actionable" when made with a reasonable basis, including statements "that data from Patients 1-3 showed [the drug candidate] was 'well-tolerated'" or that "safety and efficacy data [were] 'positive,'" 2024 WL 1436025, at *9; *see* Doc. No. 37 at 32-33; (3) that citing to the issuance of a clinical hold as evidence of an alleged fraud "is an impermissible fraud by hindsight allegation," 2024 WL 1436025, at *11; *see* Doc. No. 37 at 19-20; (4) that scienter was lacking because "[i]t is improbable that Homology did not honestly believe its positive interpretation of initial preliminary trial data when it subsequently devoted additional resources to conduct [additional trials]," 2024 WL 1436025, at *17; *see* Doc. No. 37 at 27-30; and (5) that the announcement of a clinical hold did not satisfy the element of loss causation because it "was the materialization of a known risk" and "Homology warned investors that regulatory authorities might 'interrupt, delay or halt clinical trials' because of potential side effects," 2024 WL 1436025, at *19; *see* Doc. No. 37 at 14, 35-36; Doc. No. 40 at 19-20.

-3-

Dated:  April 10, 2024

Respectfully submitted,

FULCRUM THERAPEUTICS, INC., BRYAN STUART, ROBERT J. GOULD, CHRISTOPHER MORABITO, and JUDITH DUNN

By their attorneys,

*/s/ Deborah S. Birnbach*
Deborah S. Birnbach
Tucker DeVoe
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
Fax: 617.523.1231
DBirnbach@goodwinlaw.com
TDevoe@goodwinlaw.com

-4-

## <u>CERTIFICATE OF SERVICE</u>

I, Deborah S. Birnbach, hereby certify that a copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 10, 2024.

Dated: April 10, 2024                                      */s/ Deborah S. Birnbach*