**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GERALD CELANO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FULCRUM THERAPEUTICS, INC., BRYAN STUART, ROBERT J. GOULD, CHRISTOPHER MORABITO, and JUDITH DUNN, <br><br> Defendants. | No. 1:23-cv-11125-IT <br><br> **CLASS ACTION** <br><br> Hon. Indira Talwani <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

The purpose of a notice of supplemental authority is "to alert courts to subsequent decisions relevant to a pending motion." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (internal citation omitted).  Defendants' submission of *Pizzuto v. Homology Medicines, Inc. et. al.*, No. 23-cv-10858, 2024 WL 1436025 (D. Mass. Mar. 31, 2024) fails that test.  *See* ECF Nos. 41, 41-1.  *Pizutto* has no bearing on Plaintiff's amended complaint, Defendants' motion to dismiss, or this case in general.

First, Plaintiff does not allege that Defendants had a blanket duty to disclose data in real time, as Defendants suggest.  *See* ECF No. 41 at 2.  Rather, Plaintiff alleges that Defendants omitted known critical safety risks and regulatory communications from their investor-facing statements.  *See*, *e.g.*, ¶¶89, 93, 97-98, 107, 111, 118, 121[1]  By contrast, the *Pizzuto* court determined that defendant Homology Medicines, Inc. ("Homology") accurately characterized its limited disclosures of clinical data, rending that decision inapposite here.  *See* 2012 U.S. Dist. LEXIS 49219, at *9 (ECF No. 41-1).

---

[1] Citations to "¶" in this memorandum refer to paragraphs in the amended complaint.

Second, the *Pizzuto* court's finding that Homology's interpretations of clinical data were reasonable (*see* ECF 41 at 2) does not immunize Defendants' unreasonable and untrue statements of present fact.  Even opinions are actionable when they withhold important adverse information, or when they contain a misleading embedded statement of fact.  *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 192-193 (2015).

Third, Plaintiff here, unlike the plaintiff in *Pizzuto*, does not allege that the FDA's clinical hold constituted "evidence of an alleged fraud", as Defendants contend.  *See* ECF 41 at 2.  Rather, the clinical hold (and the subsequent limitations imposed as a condition to lifting the hold) informed investors of true, damaging information about FTX-6058's safety profile, correcting Defendants' prior misstatements and causing the price of Fulcrum shares to drop significantly.  ¶¶89, 93, 110, 122, 132, 139, 141, 142, 144, 146.

Fourth, whether Homology honestly believed its positive interpretation of preliminary trial data when it subsequently devoted additional resources to further trials does not affect the scienter analysis here: Defendants' statements of present fact cannot be opportunistically repackaged as forward-looking opinions or beliefs.  *See Omnicare*, 575 U.S. at 192-93.

Fifth, while *Pizzuto* held that the FDA's clinical hold was not the materialization of a known risk based on the finding that Homology had *previously* disclosed any such risks, *see* ECF No. 41-1, at *19, the same reasoning does not extend to Defendants here, who were not similarly forthcoming about their safety risks and did not meaningfully inform the market of the particular omissions alleged in the amended complaint.  *See* ¶¶141-147.

Dated:  April 12, 2024

Respectfully submitted,

*/s/ Louis C. Ludwig*
**POMERANTZ LLP**
Joshua B. Silverman (*pro hac vice*)
Louis C. Ludwig (*pro hac vice*)

10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Class*

Daryl Andrews (BBO #658523)
Glen DeValerio (BBO #122010)
**ANDREWS DEVALERIO LLP**
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
daryl@andrewsdevalerio.com
glen@andrewsdevalerio.com

*Liaison Counsel for Lead Plaintiff and the Class*

3

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on this April 12, 2024.

/s/ *Louis C. Ludwig*
Louis C. Ludwig