**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| GERALD CELANO, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>                v.<br><br>FULCRUM THERAPEUTICS, INC., BRYAN STUART, ROBERT J. GOULD, CHRISTOPHER MORABITO, and JUDITH DUNN,<br><br>                        Defendants. | No. 1:23-cv-11125-IT<br><br><u>CLASS ACTION</u><br><br>Hon. Indira Talwani<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff agrees with Defendants that the Supreme Court's recent holding in *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, renders "pure omissions" under Item 303 not actionable under Section 10(b) of the Securities Exchange Act of 1934. *See* No. 22-1165, 2024 WL 1588706, at \*1 (U.S. Apr. 12, 2024). The Amended Complaint ("AC") in this case had asserted violation of Item 303 as an additional reason why certain omissions were false and misleading. *See* ECF No. 27 at Paragraphs 91-92, 96, 106, 115, 120, 126, and 134. Consistent with *Macquarie*, Plaintiff withdraws those references to Item 303 and confirms that he will not assert "pure omissions."

As the Supreme Court explained in *Macquarie*: "Rule 10b–5(b) prohibits omitting material facts necessary to make the 'statements made . . . not misleading.' Put differently, it requires disclosure of information necessary to ensure that statements already made are clear and complete (*i.e.*, that the dessert was, in fact, a whole cake)." 2024 WL 1588706, at \*4. All of the misrepresentations and omissions alleged in the AC comport with this standard, and Plaintiff does not rely on pure omissions as a basis for Defendants' liability under the Exchange Act. *See*

1

AC, ¶¶89-90, 93-95, 97-99, 100-101, 105-105, 107-108, 109-112, 113-114, 118-119, 121-123, 124-125, 127-128, 129-131,132-133, 136-137, 139-140.  By contrast, the now-withdrawn Item 303 references were expressly qualified as secondary to the AC's primary claims.  *See* AC, ¶¶91, 96, 106, 115, 120, 126 & 134 (alleging that certain of Defendants' statements were "***also*** materially misleading because Defendants, in violation of Item 303, omitted to disclose a known material adverse trend, event, and uncertainty relating to FTX-6058 . . . .") (emphasis supplied).

Dated:  April 19, 2024

Respectfully submitted,

*/s/ Louis C. Ludwig*
**POMERANTZ LLP**
Joshua B. Silverman (*pro hac vice*)
Louis C. Ludwig (*pro hac vice*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Class*

Daryl Andrews (BBO #658523)
Glen DeValerio (BBO #122010)
**ANDREWS DEVALERIO LLP**
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
daryl@andrewsdevalerio.com
glen@andrewsdevalerio.com

*Liaison Counsel for Lead Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on this April 19, 2024.

*/s/ Louis C. Ludwig*
Louis C. Ludwig
